IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY ANTHONY STEVENS,

    Petitioner,                        No. CIV S-08-0531 WBS GGH P

    vs.

CLAUDELL MILLER,[1] et al.,       <u>ORDER</u> &

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, on home detention within the custody of Rio Consumnes Correctional Facility, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir.1992)." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. <u>Id.</u>; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has named a public defender in Solano County as respondent. This individual is not the proper respondent. Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent. Failure to do so will result in the dismissal of the petition with leave to amend. See <u>Stanley</u>, 21 F.3d at 360.

1

1   Petitioner is challenging a 1999 conviction (on a plea of guilty) for a DUI with 3
2   priors and violation of probation and states that he did not complete a 6-month residential
3   program. Petition, p. 1. Petitioner, who herein brings a claim of ineffective assistance of counsel
4   and a claim that he was denied a right of appeal, did not file either a direct appeal or a petition for
5   writ of habeas corpus in any state court.

6   The exhaustion of state court remedies is a prerequisite to the granting of a
7   petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
8   be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion,
9   thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
10  providing the highest state court with a full and fair opportunity to consider all claims before
11  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
12  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

13  After reviewing the petition for habeas corpus, the court finds that petitioner has
14  failed to exhaust state court remedies. The claims have not been presented to the California
15  Supreme Court.[3] Further, there is no allegation that state court remedies are no longer available
16  to petitioner. Accordingly, the petition should be dismissed without prejudice.[4]

17  Good cause appearing, IT IS HEREBY ORDERED that:
18  1. Petitioner is granted leave to proceed in forma pauperis;
19  2. The Clerk of the Court is directed to serve a copy of these findings and

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner's reference to having filed a complaint under 42 U.S.C. § 1983, Case No. CIV-S 07-2591 LEW DAD P, is not apposite.

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2

recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

       These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   04/08/08

                                              /s/ Gregory G. Hollows

                                              UNITED STATES MAGISTRATE JUDGE

GGH:009
stev0531.103